# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States District Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

August 31, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Alan L. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-1596-DRM

Dear Counsel:

On May 16, 2025, Plaintiff Alan L. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 10, 13, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefit benefits ("DIB") on August 31, 2021 alleging a disability onset of August 3, 2020. Tr. 26. Plaintiff's claims were denied initially and on reconsideration. Tr. 26. On June 4, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 26. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 26-34. On April 11, 2025, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged

[1] 42 U.S.C. §§ 301 et seq.

period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since August 3, 2020." Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbar degenerative disc disease with sciatica." Tr. 28. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 30. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the he can lift 20 pounds occasionally and 10 pounds frequently. He can carry 20 pounds occasionally and 10 pounds frequently. He can sit for six hours, stand and/or walking for four hours and push/pull as much as can lift/carry. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, stoop frequently, kneel frequently, crouch occasionally, and crawl occasionally.

Tr. 30. At steps four and five, the ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that exist in significant numbers in the national economy such as clerical assistant, sales attendant, and marker. Tr. 34. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to account for his mild limitations in all four areas of mental functioning in the RFC or explain their omission. Plaintiff further contends that the ALJ improperly evaluated

his subjective complaints of back pain under Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029 (Mar. 16, 2016) by relying primarily on objective evidence without adequately addressing his treatment history, inability to afford additional treatment, and reported limitations. Finally, Plaintiff challenges the ALJ's evaluation of the opinion evidence, arguing that the state agency findings were inconsistent with evidence reflecting greater physical limitations and that the ALJ failed to address evidence from chiropractor Dominick Rose. ECF No. 13 at 4-11.

The Commissioner responds that substantial evidence supports the RFC. The Commissioner argues that the ALJ reasonably determined that Plaintiff's non-severe mental impairments caused only mild limitations and did not require corresponding RFC restrictions; properly evaluated Plaintiff's subjective complaints by considering his treatment, objective findings, daily activities, and other evidence; and appropriately evaluated the medical opinion evidence under 20 C.F.R. § 404.1520c. ECF No. 18 at 6-17.

In reply, Plaintiff reiterates that the ALJ failed to explain why his mild mental limitations resulted in no RFC restrictions, particularly given evidence of depression, anxiety, and related symptoms. He further argues that the ALJ failed to adequately consider his inability to afford treatment when evaluating his symptoms and improperly ignored evidence from Dr. Rose and other evidence supporting greater physical limitations. ECF No. 19 at 1-8.

The Court is not persuaded that remand is warranted. Plaintiff's argument concerning his mild mental limitations effectively asks the Court to require either corresponding mental restrictions in the RFC or a separate explanation for their omission. But the Fourth Circuit has rejected a categorical rule requiring an ALJ to account for a limitation identified in the paragraph B criteria through a particular RFC restriction. *See Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir 2015)). Rather, the relevant inquiry is whether the ALJ's reasoning is sufficient to permit meaningful judicial review.

Here, the ALJ adequately considered Plaintiff's mental impairments in determining the RFC. At step two, the ALJ separately evaluated each of the four areas of mental functioning and found mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Tr. 28-29. In reaching those findings, the ALJ acknowledged Plaintiff's reports of issues with memory, concentration, completing tasks, and following written instructions, as well as periods of depression and anxiety. *Id.* The ALJ nevertheless observed that examinations generally reflected normal memory, insight, judgment, concentration, and attention; that Plaintiff was generally cooperative with normal speech; and that he remained able to drive, manage money, prepare simple meals, and assist in caring for his parents. *Id.* The ALJ then expressly recognized that the paragraph B findings were not themselves an RFC assessment and stated that the RFC "reflects the degree of limitation" found in the paragraph B analysis. Tr. 29.

The ALJ's subsequent discussion further demonstrates that Plaintiff's mental functioning was not overlooked in formulating the RFC. The ALJ found persuasive the state agency psychological consultants' conclusions that Plaintiff's depression was non-severe and resulted in

only mild limitations in each of the four areas of mental functioning, explaining that those conclusions were supported by the limited mental-health allegations and generally normal mental-status examinations. Tr. 33. Read as a whole, therefore, the decision permits the Court to discern the ALJ's rationale for declining to impose additional mental restrictions. Plaintiff identifies evidence that could support a different conclusion, but the Court may not reweigh that evidence where, as here, the ALJ applied the appropriate standards and substantial evidence supports the decision.

Likewise, the ALJ's evaluation of Plaintiff's subjective complaints does not require remand. "When evaluating a claimant's subjective complaints, 'ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p.'" *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (internal citation omitted)). "First, 'the ALJ must determine whether objective medical evidence presents a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms.'" *Id.* (quoting 20 C.F.R. § 404.1529(b)). "Second, after finding a medically determinable impairment, 'the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.'" *Oakes,* 70 F.4th at 215 (quoting 20 C.F.R. § 404.1529(c)). "[A] claimant is entitled to rely exclusively on subjective evidence to prove the second part of the test[,]" *Arakas,* 983 F.3d at 95 (citation omitted), but a claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges [they] suffer." *Craig*, 76 F.3d at 595.

Contrary to Plaintiff's contention, the ALJ did not discount his allegations of disabling back pain solely because they were unsupported by objective medical evidence. The ALJ considered Plaintiff's testimony concerning significant limitations in sitting, standing, walking, and performing daily activities, as well as his treatment with physical therapy, injections, gabapentin, and muscle relaxants and his reports of medication side effects. Tr. 31-32. The ALJ also considered both abnormal findings—including an antalgic gait, weakness, and painful range of motion—and examinations documenting normal gait, range of motion, and strength. Tr. 32. Indeed, the ALJ credited Plaintiff's allegations in part by limiting him to four hours of standing and walking and imposing additional postural restrictions. Tr. 30, 32. Thus, the decision reflects consideration of the record as a whole, rather than an improper reliance on objective findings alone.

Plaintiff's reliance on his difficulty affording additional treatment does not alter that conclusion. Although Plaintiff testified that financial and healthcare-access difficulties affected his ability to obtain treatment, Tr. 31, the ALJ did not materially rely on a failure to pursue more aggressive or additional treatment as a basis for discounting Plaintiff's symptoms. Rather, the ALJ considered the treatment Plaintiff actually received alongside the imaging, examination findings, reports of activities, and hearing testimony. Tr. 31-34. Accordingly, any failure to discuss Plaintiff's asserted financial barriers more extensively does not undermine the ALJ's evaluation under SSR 16-3p.

Finally, the Court finds no reversible error in the ALJ's evaluation of the opinion evidence. Plaintiff is correct that, for claims filed after March 27, 2017[2], an ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). But the ALJ did not do so here. The ALJ addressed the state agency physical consultants' findings and explained the extent to which each was supported by and consistent with the record, including Plaintiff's spinal impairment, sciatica, antalgic gait, weakness, and painful range of motion. Tr. 32-33. Although the ALJ did not expressly discuss the questionnaire completed by chiropractor Dominick Rose, Plaintiff acknowledges that Dr. Rose was not a medical source[3], ECF No. 19 at 7, and Dr. Rose indicated that the assessed impairment was not expected to remain at that level for the requisite twelve-month period. Tr. 509. In these circumstances, Plaintiff has not demonstrated that the omission affected the RFC determination or otherwise warrants remand.

Accordingly, because the ALJ applied the correct legal standards and the RFC determination is supported by substantial evidence, the Court will affirm the Commissioner's decision.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The Clerk is directed to close the case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge

---

[2] *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

[3] An ALJ is "not required to articulate how [they] considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c)" of § 404.1520c. 20 C.F.R. § 404.1520c(d).